HELEN D. WHITING & others *vs.* ISABELLA G. A. WHITING.

A devise by a father to his unmarried daughter, who has always lived with him, of "the right to reside in and use and occupy, as heretofore accustomed, my present dwelling-house, as long as she remains unmarried," gives her, while unmarried, a right to the sole and exclusive use and occupation of the house, if the size, construction and arrangement of the house are such that the occupation of any part of it by other tenants would be incompatible with the use and occupation to which she had been accustomed in the lifetime of the testator.

A bill in equity cannot be maintained by a tenant in common against his cotenants for partition of a house and land.

MERRICK, J. This case comes before the court upon a report by the presiding judge of the facts disclosed upon the trial.

All the parties claim under the will of the late John Whiting of Great Barrington. It is conceded that the plaintiffs have a good title to the messuage described in the bill, subject only to the right of the defendant to the use and occupation of the dwelling-house standing thereon. It is admitted that her right, whatever it is, is to continue during her life or until she is married; but the parties disagree in relation to the question whether she has a right to the use and occupation of the whole, or of only a part, of the dwelling-house. She contends that she is entitled to have the sole and exclusive use and occupation of the whole of it; while the plaintiffs insist that by the devise in the will she acquired title only to an undivided part of it; and they pray for a decree of partition and an assignment to the parties in interest of their several and respective proportions of this part of the estate.

By his will the testator made various devises and bequests in favor of his wife and children, the particulars of which it is unnecessary now to consider, as they have no bearing upon the question in relation to which the parties to this suit are at issue. The devise to the defendant is in these terms: " I give and bequeath to my daughter Isabella the right to reside in and use and occupy as heretofore accustomed my present dwelling-house as long as she remains unmarried." A similar devise was made to another daughter, who has since been married, and whose

right in the house has been thereby extinguished. These daughters always lived with their father up to the time of his death in this house as part of his family. It is obvious that he intended by this provision in his will to secure to them a home there, and the use and occupation of the house substantially in the same manner that they had enjoyed it during his lifetime. From the facts proved on the trial, it is shown that, by reason of the size, construction and arrangements of the house, the occupation of any part of it by other residents or tenants would be incompatible with the use and occupation to which the devisee had been accustomed in the lifetime of her father. To secure to her the enjoyment of the right conferred upon her by the devise, all other tenants or occupants must therefore be excluded. The enjoyment of the house to which his daughter had been accustomed, and the extent and limit of the accommodations which his house was capable of affording, were of course well known to the testator; and as the occupancy of any part of it by other tenants is incompatible with the privileges conferred on her, it is an unavoidable conclusion that he intended to give, and did give her, until her marriage, the right to the exclusive use and occupation of the house. The language of the will, considered in the light of the facts proved, and which were familiarly known to the testator, do not admit of an interpretation which leads to any other result. It follows that the partition prayed for in the bill ought not to be granted.

But if the right claimed by the plaintiffs could be established, this bill could not be maintained; for in that case the plaintiffs would have a plain, adequate and complete remedy at law. Rev. Sts. *c.* 103, § 1. And therefore this court would not be authorized to entertain proceedings in equity to set off and assign to the parties in severalty their respective portions of the estate. *Bill dismissed, with costs.*

*J. D. Colt,* for the plaintiffs.

*I. Sumner,* for the defendant.